UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RUFUS JONES,

                              Plaintiff

-vs-

UNIVERSITY OF ROCHESTER,

                              Defendant

DECISION AND ORDER

11-CV-6184 CJS

_____

APPEARANCES

For Plaintiff:                Rufus Jones, *pro se*
                                       150 Van Auker Street
                                       Apartment 6E
                                       Rochester, New York 14608

For Defendant:            Kevin J. Mulvehill, Esq.
                                       Linda T. Prestegaard, Esq.
                                       Philips Lytle LLP
                                       28 East Main Street
                                       1400 First Federal Plaza
                                       Rochester, New York 14614

INTRODUCTION

This is an action alleging employment discrimination, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Now before the Court is Defendant's motion to dismiss [#5], on the grounds of *res judicata*. The application is granted.

BACKGROUND

Prior to September 28, 2007, Plaintiff was employed by Defendant at Strong Memorial Hospital as a Patient Care Technician. Plaintiff was a member of the United Healthcare

1

Workers East, 1999 Service Employees International Union ("SEIU"), which had a collective bargaining agreement ("CBA") with Defendant. On September 28, 2007, Defendant terminated Plaintiff's employment, purportedly for deficient performance.[1] Plaintiff requested SEIU to proceed to arbitration on his behalf, but the union declined to do so.

After Defendant terminated Plaintiff's employment, the New York State Department of Labor initially found that Plaintiff was disqualified from receiving unemployment insurance benefits, since he was terminated for misconduct. However, on February 12, 2008, the New York State Unemployment Insurance Appeal Board ("Unemployment Insurance Appeal Board") found Plaintiff eligible for such benefits, because it credited his testimony that he had not spoken inappropriately to patients, while Defendant provided only hearsay evidence that Plaintiff had done so.[2] See, [#15] at pp. 5-6. Nevertheless, the Unemployment Insurance Appeal Board acknowledged that Defendant had terminated Plaintiff because it had received three separate complaints in one week about him making inappropriate statements to patients.

On April 22, 2008, Plaintiff commenced an action in this Court, against SEIU and Defendant, pursuant to § 301 of the Labor Management Relations Act ("LMRA"). At the same time, Plaintiff was separately pursuing a complaint against Defendant with the Equal Employment Opportunity Commission ("EEOC"). At deposition in the district court action, Plaintiff indicated that the University fired him because he was black, and that SEIU failed to properly represent him, even though it knew that the University was discriminating against blacks. *See*, 08-CV-6179 CJS, Pl. Dep. [#58-3] at 46, 66-68; *see also, id*. at p. 64 ("I feel like

---

[1] The hospital maintained that Plaintiff made a series of inappropriate statements to patients, such as asking one patient, who had suffered a stroke, why he was crying like a baby. See, 08-CV-6179 CJS, Pl. Dep. [58-3] at pp. 39-44.

[2] Such determination does not establish that the University's witnesses lied, contrary to what Plaintiff believes. *See*, [#16] at pp. 1-2.

I was terminated because I was black.") However, when Defendant's attorney asked Plaintiff about his allegations of discrimination and his EEOC complaint, Plaintiff declined to answer, because he believed that the EEOC proceeding was irrelevant. See, 08-CV-6179 CJS, Pl. Dep. [#43-2] at p. 12 ("I feel like the EEOC situation is irrelevant to this case."); *see also, id*. at pp. 13, 15.

The parties subsequently filed cross-motions for summary judgment, and on December 22, 2009, this Court denied Plaintiff's summary judgment and granted summary judgment for the University and SEIU on the merits. As part of that Decision and Order, the Court observed that, "Plaintiff chose not to amend his complaint to add any claims of racial discrimination, despite being invited to do so by opposing counsel." *See*, 08-CV-6179, Decision and Order [#78] at p. 19. Plaintiff appealed, and on September 8, 2010, the Second Circuit affirmed this Court's ruling. *See*, 08-CV-6179, Second Circuit Mandate, Docket No. [#83].

On January 27, 2011, the EEOC issued Plaintiff a right to sue letter. On April 12, 2011, Plaintiff commenced this action, alleging employment discrimination under Title VII and 42 U.S.C. § 1981. As with the prior matter, this action arises from the termination of Plaintiff's employment on September 28, 2007, which Plaintiff maintains was discriminatory. Plaintiff now contends that he was fired because employees of the University made false statements about him, which were motivated by discriminatory animus. He further alleges that the University breached the CBA by terminating his employment.

On May 31, 2011, Defendant filed the subject motion to dismiss, on the grounds of *res judicata*. Plaintiff filed several documents in opposition to the motion. *See*, Docket Nos. [#6, 15, 16, 17]. Plaintiff maintains that res judicata does not apply, because "[t]his lawsuit is totally

different." Docket No. [6] at p. 1.³

On February 2, 2012, Plaintiff and Defendant's counsel appeared before the undersigned for oral argument. During oral argument, Plaintiff stormed out of Court after accusing the Court of violating his rights. Plaintiff subsequently telephoned the Court and left a recorded message, apologizing for his conduct, but reiterating his belief that his rights were being violated. On February 3, 2012, Plaintiff filed a "Notice of Disqualification of Judge Siragusa," (Docket No. [#18], which alleges that the Court has "shown no respect" for the rules of civil procedure and for "landmark legal precedent." In that regard, Plaintiff mistakenly believes that *Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693 (1954), which involved racial segregation in the Washington D.C. public schools, prevents this Court from dismissing his action on the basis of *res judicata*. On February 14, 2012, Plaintiff filed a "Notice of Motion Requesting Directed Verdict Exhibits Here To" [sic], Docket No. [#19], in which he maintains that he is entitled to judgment against Defendant, based on the Unemployment Insurance Appeal Board's prior determination that he was not guilty of employment misconduct.

DISCUSSION

In ruling upon a motion to dismiss made pursuant to FRCP 12(b)(6), the Court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and

---

³Plaintiff also alleges that Defendant's counsel withheld information during discovery in the prior action. *See*, [#6] at p. 2. However, even if that were true, which Plaintiff has not shown, the instant action is not an appropriate place for him to raise such an issue.

internal quotation marks omitted).  In this regard, the Court is limited as to what evidence it can consider:

> In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56.  In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.
>
> In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.  In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion.

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

Defendant maintains that Plaintiff's action is barred by the doctrine of *res judicata*, or claim preclusion, and the applicable legal principles are clear:

> Under both New York law and federal law, the doctrine of *res judicata*, or claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.  If a valid and final judgment has been entered on the merits of a case, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195-196 (2d Cir. 2010) (citations and internal quotation marks omitted).

Under facts very similar to those presented here, the Second Circuit held that the plaintiff's claim was barred by *res judicata*. Specifically, in *Woods v. Dunlop Tire Corp.*, 972

F.2d 36 (2d Cir. 1992), a plaintiff brought a Title VII action against her former employer, after unsuccessfully bringing a claim against her employer and her union under LMRA § 301. The employee maintained that she was fired because she was black and female. The employee filed an EEOC complaint, and while that was pending, she brought the hybrid LMRA action[4] against the employer and union. ("Woods I") The district court granted summary judgment for the employer and union. Subsequently, the EEOC issued the employee a right to sue letter, and she commenced a Title VII action against the employer. ("Woods II") The district court dismissed the Title VII claim on the basis of *res judicata*, and the Second Circuit affirmed. In that regard, the Second Circuit held that the LMRA claim and the Title VII claim both involved the same transaction, for purposes of *res judicata*:

> The factual predicates of the employment termination challenged in Woods I and Woods II were the same. Essentially the same underlying occurrence was relevant to both the LMRA and Title VII claims. Both actions centered around Dunlop's firing of Woods, the reasons for termination, and her employment history, physical limitations, and qualifications. It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which Woods chose to frame her complaint. Thus, it is abundantly clear that the two actions involved the same cause of action for *res judicata* purposes.

*Woods v. Dunlop Tire Corp.*, 972 F.2d at 38-39 (citations omitted). Moreover, the Second Circuit held that application of *res judicata* was not inconsistent with Title VII's requirement that claimants exhaust their administrative remedies:

---

[4] *See, Guevara v. Marriott Hotel Svcs. Inc.*, 2011 WL 3419510 at *3, n. 1 (N.D.Cal. Aug. 4, 2011) ("A hybrid claim of breach of contract and breach of a duty of fair representation under the LMRA comprises two causes of action where the plaintiff is alleging a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union. *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). To prevail against either the employer or the union, the plaintiff must establish both a breach of the contract and a breach of the duty of fair representation. *Id.*")

>While it is true that Woods was forced to bring her LMRA suit prior to completion of the administrative proceedings or else abandon that claim because the six-month statute of limitations on the LMRA claim was about to expire, Woods had two available courses she could have followed in order to avoid the sting of *res judicata*. As a first alternative, Woods could have filed her LMRA claim and then sought a stay in the district court pending the outcome of her Title VII administrative proceedings.  Once administrative review had been completed, Woods could have then joined her Title VII claim with her LMRA claim by amending the complaint in the LMRA suit.  Following this course, Woods' Title VII claim would receive full administrative review, and at the same time she could have preserved any other claims that she may have had arising from the same transaction.
>
>\*\*\*
>
>As a second alternative, Woods simply could have filed the LMRA action, sought a right to sue notice on her Title VII claim from the EEOC after 180 days, and then amended the complaint in her LMRA suit to include the Title VII claim. Had Woods chosen either of these two alternatives, she could have preserved her Title VII claim. Under the circumstances revealed, we find no reason to excuse Woods' failure to take these minimal steps necessary to preserve each claim independently, and conclude that her Title VII claim is not exempt from the bar of res judicata.

*Woods v. Dunlop Tire Corp.*, 972 F.2d at 41 (citations omitted).

The instant case is almost factually identical to the situation in *Woods*, and it is therefore clear that Plaintiff's Title VII claim and his LMRA claim involve the same cause of action for *res judicata* purposes.  Furthermore, it is clear that the two actions involve the same parties,  and that a valid and final judgment was entered on the merits in the prior action.  Accordingly, this action is barred by *res judicata* and must be dismissed.

Moreover, the decision of the Unemployment Insurance Appeal Board was already raised in the prior action, and, in any event,  has no collateral estoppel effect in this action. *See, Kosakow v. New Rochelle Radiology Assocs., P.C.*,  274 F.3d 706, 728 (2d Cir. 2001) (Indicating that decisions of state administrative agencies which have not been reviewed by a court have no collateral estoppel or *res judicata* effect in a Title VII action) (citation omitted).

CONCLUSION

Plaintiff's applications [#18][#19] filed after oral argument lack merit and are denied. Defendants' motion [# 5] is granted, and this action is dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   Rochester, New York
         March 1, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge